A. Ewing, Special J.,
delivered the opinion of the Court.
This is a petition filed by L. Eebow, against J. Towson, in the County Court of Smith county, for the condemnation of an acre of the land of Mr. Towson, for a public mill. The County Court after a full hearing, condemned the land, and the defendant appealed to the Circuit Court. Upon the trial in the Circuit Court the defendant offered to introduce evidence, showing that the condemnation of his land was improper, and the judgment of the County Court was erroneous. His Honor, the Circuit Judge, being of opinion that the jurisdiction of the Circuit Court was only revisory, and the appeal in the nature of a writ of error, refused to hear any evidence, and finding no error apparent on the record of the County Court, affirmed its decree, from which judgment, the defendant, Towson, has appealed to this "Court.
*195 The act of 1777, eh. 23, (which authorizes the condemnation of land for a mill site), by the 8th section, gives to the party aggrieved by its decree, an appeal to the Circuit Court, and our act of 1844, ch. 99, section 1, gives in all cases the right of appeal from the judgment, sentence and decree of the County Courts, to the Circuit Courts. It is said, however, that the appeal given in the act of 1777, is an appeal in error, and the act of 1844 has no application to this case. The ground for these assumptions is, that the jurisdiction of the County Courts in regard to public mills, is special in its character, a delegation of trust, and not a subject alone of judicial cognizance, and we are referred to the cases of Cooper vs. Summers, 1 Sneed, 453, and Wade vs. Murray, 2 Sneed, 52, as similar in principle to the one under consideration. We do not recognize the similarity. Cooper vs. Summers was an “inquisition of lunacy,” and it was held as early as 8th Humphreys, that the exercise of power on this subject in England, was not judicial, but delegated to the Chancellor under sign manual, and in Tennessee, the power exercised by every judicial tribunal was purely statutory.
The case of Wade vs. Murray, is a decision under our act of Assembly, constituting the Chancellor, a trier of contested elections in certain cases. Neither of these cases embrace inquiry into the value of property, nor do they transfer it from one person to another; they are investigations into the condition of mind, in an individual, in one case, and the claim to office in the other. They might well be determined by any other than judicial tribunals, if the Legislature had so enacted. But *196 bow is it in regard to tbe act for condemnation of land for a public mill? It transfers land under ascertained facts, from one individual to another; it fixes the value of his land, and on the payment to him of its value, denudes him of its title. What proceeding could be more judicial in its character than this? and what one requires more stringent rules of action for its restraint within the constitutional provision ? If any subject matter is peculiarly required to be investigated, and decided by the Courts, on judicial proceedings, more than another, it would seem to be that in which the Legislature undertakes to deprive a man of his private property for public use. We find accordingly, that in 9 Yerg., 268, Patton vs. Clark, where land was condemned for a public highway, and an appeal taken from the County to the Circuit Court, it was held by this Court, that the case was to be tried in the Circuit Court de novo, and not as on writ of error. We think the case precisely similar in principle to the one under our consideration, and is governed by the same rules. If we had felt any doubt however, whether this case was one of ordinary jurisdiction in the Courts, it would have been removed by the act of 1835, ch. 29, sec. 1, Nich. & Caruthers, page 203. This act undertakes to enumerate the class of cases within the jurisdiction of the County Courts, as judicial tribunals, and after specifying the power of establishing roads, ferries and other public easements, mentions this power, as to public mills, and classifies it as ejusdem generis with those before enumerated.
The judgment of the Circuit Court will therefore be reversed, and the cause remanded for further proceedings.